UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES JAMERSON,

               Petitioner,

                                           CASE NO. 2:08-CV-10083
v.                                          HONORABLE GERALD E. ROSEN

MICHIGAN DEPARTMENT OF CORRECTIONS
AND SHERRY L. BURT,

               Respondents.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

### I. Introduction

James Jamerson ("Petitioner"), a Michigan prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is being held in violation of his constitutional rights. In his pleadings, Petitioner challenges the propriety of his prison sentence on a drunk driving offense for which he was originally sentenced to a term of probation.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)

1

(district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005). After undertaking the review required by Rule 4, the Court denies with prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

## II. Facts and Procedural History

Petitioner states that he pleaded guilty to operating a vehicle under the influence of liquor, third offense, Mich. Comp. L. § 257.625, in the Oakland County Circuit Court arising from an incident which occurred on January 13, 2003. The trial court initially sentenced him to 26 months probation and required him to pay certain fines and fees. Petitioner subsequently violated the terms of his probation by committing another drunk driving offense on February 6, 2005.[1] Petitioner pleaded guilty to the probation violation and was sentenced to 4 to 7 ½ years imprisonment on March 20, 2006.

---

[1] Petitioner entered a plea to that offense in the Oakland County Circuit Court and was sentenced to 2 to 10 years imprisonment on March 30, 2006. *See* Offender Profile, Michigan Department of Corrections' Offender Tracking Information System ("OTIS"). Petitioner does not appear to challenge that conviction or sentence in the present petition.

Following sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied. *See People v. Jamerson*, No. 276916 (Mich. Ct. App. April 18, 2007) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *See People v. Jamerson*, 479 Mich. 867, 735 N.W.2d 285 (2007).

Petitioner has now submitted a federal petition for writ of habeas corpus, asserting the following claim:

> Did the trial court plainly err in not using the statutory sentencing guidelines when sentencing after revocation of probation, and abuse its sentencing discretion by imposing a sentence in excess of the statutory guidelines without articulating substantial and compelling reasons to depart from those guidelines?

The Court shall address the merits of the petition.

### III. Analysis

### A. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding.

28 U.S.C. §2254(d) (1996).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams v. Taylor*, 529 U.S. 362, 412 (2000); *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

In this case, both the Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal in standard orders without discussing the sentencing issues. Accordingly, this Court must conduct an independent review of the state court decision. *See, e.g., Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id*. at 943. This independent review "is not a full, *de novo* review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of

4

the AEDPA." *Id*.

### B. Sentencing Claims

Petitioner asserts that he is entitled to habeas relief because the trial court failed to provide substantial and compelling reasons to justify an upward departure from the sentencing guideline range. Specifically, Petitioner alleges that his sentencing guidelines range "should have been 20 points lower thus resulting in a jail sentencing not prison."

Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceed the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's claim that the trial court erred in departing above the guideline range is not cognizable on federal habeas review because it is a state law claim. *See McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). Any error in departing above the guideline range does not merit federal habeas relief. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Petitioner relies solely upon state law in making this claim and only alleges a violation of state law. Even if his sentence exceeds the minimum guideline range, it is within the statutory maximum. *See* Mich. Comp. L. §§ 357.625; 769.10. Petitioner has thus failed to state a claim upon which federal habeas relief may be granted as to this issue.

Petitioner also seems to contend that the trial court relied upon inaccurate information in sentencing him. A sentence may violate due process if it is carelessly or deliberately

pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, the petitioner must show that the trial judge relied upon the allegedly false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner has made no such showing. Petitioner has not alleged any facts to demonstrate that the trial court relied upon materially false or inaccurate information in imposing his sentence, nor has he shown that he was denied an opportunity to correct perceived errors in the record. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See, e.g., Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998). Habeas relief is not warranted on this issue.

Lastly, Petitioner seems to raise a Sixth Amendment challenge to the trial court's sentencing procedure. In *Apprendi v. New Jersey*, 530 U.S. 466, 530 (2000), the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court applied *Apprendi* to a state sentencing guideline scheme, under which the maximum penalty could be increased by judicial fact-finding, held that the state guideline scheme violated Sixth Amendment rights, and reiterated that any fact that increased the maximum sentence must be admitted by the defendant or proven to a jury beyond a reasonable doubt. *See United States v. Booker*, 543 U.S. 220, 232 (2005). Petitioner cites *Apprendi* and

6

lists *Blakely* as case authority in his pleadings.

This claim lacks merit. The *Blakely* line of cases does not apply to Michigan's intermediate sentencing scheme. In Michigan, the maximum sentence is established by statute and cannot be varied by the sentencing judge; the judge's only discretion is in setting the minimum sentence. The federal courts within this Circuit have examined Michigan's indeterminate sentencing scheme and have found no possible Sixth Amendment violation. *See Tironi v. Birkett*, No. 06-1557, 2007 WL 3226198 (6th Cir. Oct. 26, 2007) (unpublished); *Delavern v. Harry*, No. 07-CV-13293, 2007 WL 2652603, *3-4 (E.D. Mich. Sept. 7, 2007); *Connor v. Romanowski*, No. 05-74074, 2007 WL 1345066 (E.D. Mich. May 4, 2007); *McNall v. McKee*, No. 1:06-CV-760, 2006 WL 3456677, * 2 (W.D. Mich. Nov.30, 2006); *accord People v. Drohan*, 475 Mich. 140, 160-62, 715 N.W.2d 778 (2006). Habeas relief is not warranted.

### IV. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the sentencing claims contained in his petition. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim

debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id*. at 336-37.

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on the habeas petition or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). Having considered the matter, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims. The Court, therefore, **DENIES** a certificate of appealability.

Lastly, the Court concludes that Petitioner should not be granted leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. *See* Fed. R. App. P. 24(a). Accordingly, the Court also **DENIES** Petitioner leave to proceed on appeal *in forma pauperis*.

**IT IS SO ORDERED**.

                                           s/Gerald E. Rosen
                                           Gerald E. Rosen
                                           United States District Judge

Dated:  January 11, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 11, 2008, by electronic and/or ordinary mail.

                                           s/LaShawn R. Saulsberry
                                           Case Manager